UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN RE :

RUSSELL G. PHILLIPS,
    Debtor.
_____/

Chapter 7
Case No. 12-66528
Hon. Walter Shapero

TIMOTHY J. MILLER, TRUSTEE
    Plaintiff,

v.

BRYON M. EVANS, and
AMANDA EVANS
    Defendants.
_____/

Adv. Pro. 14-04726

## OPINION DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT

### INTRODUCTION

Russell G. Phillips (the "Debtor") filed for Chapter 7 bankruptcy on December 6, 2012. Debtor obtained a discharge on March 26, 2013. Subsequently on July 18, 2014, Timothy J. Miller (the "Trustee" or "Plaintiff") filed this adversary proceeding against Bryon M. Evans and Amanda Evans (collectively referred to as "Defendants") alleging several claims.

### Background

Some two years before filing his Chapter 7 petition, Debtor, as Purchaser, and Defendant Byron Evans, as Seller, entered into a Land Contract effective January 1, 2011, for the sale of 47 Lakeside R., Michigan Center, Michigan, for a total purchase price of $187,000.00, with a $15,000.00 down payment, and the balance payable at a stated interest rate with monthly payments and a final due date 360 months hence. The land contract is not clear as to exactly

1

what the required amounts of the monthly payments were, and the record is not clear as to how any monthly payments were made or in what amounts. Also, some time in May 2012, Debtor orally agreed to purchase a Bayliner boat from Mr. Evans for the total sum of $19,600.00, with a $4,000.00 down payment, and "bi-yearly" (maybe meant to be semi-annually?) payments of $665.00 each on January 17 and July 17 toward the balance over a twelve year period starting January 17, 2013. These and other terms are reflected in a written contract which the parties never signed, but, Debtor took possession of the boat and used it, though title to it was never transferred to him. Debtor had taken possession of the realty, but thereafter came to a point when he no longer could afford the indicated payments on either the boat or the land contract. With regard to the latter and according to submitted documents, Debtor and his wife, by a quit claim deed dated August 9, 2013 (post petition), transferred his interest in the realty to Defendants, the deed reciting consideration therefore of $22,304.41. Apparently, Defendants thereafter sold that property to a third party for some $200,000.00, out of which Defendants paid to Debtor approximately $15,000.00.

In his Petition filed December 6, 2012, Debtor listed himself as the land contract purchaser of the Lakeside property with a then current value of $185,000.00 after deduction of costs of sale, and an indebtedness thereon of $172,000.00, the latter number also being referred to as a secured indebtedness on Schedule D. The boat was listed on Schedule B saying Debtor agreed to purchase it for $17,500.00, not having title and having a value of $16,000. This latter indebtedness was also similarly listed on Schedule D. Neither the land contract nor the boat agreement was listed on Schedule G. Defendant Bryon Evans is a listed creditor having been listed as such on Schedule D. The foregoing appear to be largely undisputed facts.

The Trustee did not, within the required statutory time, formally or otherwise assume either the Land Contract or the boat purchase contract (which arguably were executory contracts as of the bankruptcy filing date).

Count One of the Complaint alleges willful violation of the stay and seeks actual damages of $23,559.24, plus punitive damages, attorney fees, and expenses in amounts to be determined. Count Two is for contempt of court, pursuant to 11 U.S.C. § 548(a)(1)(B) relative to the $4,000.00 paid in respect to the boat purchase. The next Count seeks avoidance of the transfers of both the realty and the boat, pursuant to 11 U.S.C. § 549. The final Count seeks judgment against both Defendants for $23,559.24, on the theory that the realty and boat transfers are avoidable, and if so, they are jointly and severally liable as initial transferees, pursuant to 11 U.S.C. § 550(a)(1) as preserved pursuant to 11 U.S.C. § 551. Plaintiff seeks summary judgment on all Counts, and Defendants seek summary judgment of dismissal on all Counts.

SUMMARY JUDGMENT STANDARD

Fed.R.Civ.P. 56 provides the statutory basis for summary judgment, and is made applicable to adversary proceedings via Fed.R.Bankr.P. 7056. "Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The initial burden is on the moving party to demonstrate that an essential element of the non-moving party's case is lacking." *Kalamazoo River Study Group v. Rockwell Intern. Corp.*, 171 F.3d 1065, 1068 (6th Cir. 1999). The Court should draw all justifiable inferences in favor of the non-moving party and it should not determine credibility or weigh evidence. *Id.* "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242,

247-48 (1986) (emphasis original). "There is no genuine issue of material fact when 'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Williams v. Leatherwood*, 258 Fed. Appx. 817, 820 (6th Cir. 2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)).

ANALYSIS

*A. The Boat Transaction*

As noted, the Trustee's complaint has several counts. The Trustee claims that because the Debtor transferred $4,000.00 for the boat which he never obtained legal title to, the transfer was made without obtaining reasonably equivalent value in exchange and therefore was fraudulent because the Debtor was insolvent at the time. Additionally, the Trustee argues that the transfer was made to an "insider" of the Debtor and, therefore, even if the Debtor was not insolvent at the time of transfer, the transfer was still fraudulent. Defendants dispute the claim of insolvency. Defendants failed to respond to the claim that Defendants were "insiders" of the Debtor. Defendants simply argue that the transfer of the $4,000.00 was made with receiving reasonably equivalent value in exchange, and that sum went toward Debtor's enjoyment of the boat and alleged damage he caused to the boat while it was in his possession.

The legal nature of the Debtor's interest in the boat is not clear, given the apparent facts he was in possession and used it for an uncertain period of time; made the down payment on its apparent purchase, but never obtained title; and later relinquished possession of it to Defendants. It must, for instance, also be determined whether the amount paid was reasonably equivalent value, whether the Debtor was insolvent at the time of the transfer, whether the Defendants were "insiders" of the Debtor, etc. Clearly those and other facts need to be garnered and fleshed out before the legal stay violation and other issues can be appropriately addressed. There are simply

4

too many genuine issues of material fact which are common to all allegations in the Trustee's complaint, the existence of which precludes granting summary judgment to either party.

Given that the Trustee seeks to avoid the transfer of the boat, pursuant to 11 U.S.C. § 549(a), by claiming that Defendants' obtaining possession of the boat after the filing of the bankruptcy petition was unauthorized. This also involves factual issues.

*B. The Real Property Transaction*

The Defendants, who had notice of the bankruptcy filing, claim that they did not take any action to violate the stay when the real property was deeded back to them by Debtor; they did not ask for the property back, did not threaten to foreclose, and did not draft the quit-claim deed. However, Defendants did accept the deed for the real property and in turn sold it to third party purchasers, following which they then returned $15,105.76 of the sale proceeds to the Debtor, (in addition to the other consideration earlier paid Debtor). In addition to potential liability, the amount of damages is a factual issue that must be resolved.

It should also be noted that the parties themselves stipulated to and filed what they entitled, "Stipulated Facts and Questions of Fact," (Docket No. 41). It set forth ten separate "Questions" of fact, (not actual facts). In addition, and in the same document, they also stipulated to five "Stipulated Facts", the latter not being enough to permit summary disposition of the case, particularly in light of the former. That document alone precludes granting summary judgment to either party.

## CONCLUSION

In sum, the foregoing requires denial of both motions, at least at this point in the proceedings. That said, however, the Court sees a possibility that many, (maybe all), of the facts necessary to dispose of this particular adversary proceeding could be stipulated to in a way that might minimize the expense and length of this litigation, and produce a full or partial record providing an appropriate basis for disposition of all or part of the proceeding short of a full trial. Hopefully, as this proceeding moves forward, that will be kept in mind. The Court is entering a contemporaneous order.

.

**Signed on May 08, 2015**

                                                             /s/ Walter Shapero
                                                     **Walter Shapero**
                                                     **United States Bankruptcy Judge**